# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| TIMOTHY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action |
| vs. | ) No. 11-5053-CV-SW-JCE-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary.

### Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

1

position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff was born on June 5, 1971, and his employment history has consisted primarily of minimum wage jobs at Pizza Hut, Brass Eagle and Tyson Foods. He alleges a disability based upon pain in his back, legs and hands.

It was the finding of the ALJ that:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since January 1, 2008, the alleged onset date (20 CFR §404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: Major Depressive Disorder/Bipolar I Disorder, Panic Disorder with Agoraphobia, Schizophrenia, Obsessive Compulsive Disorder, Posttraumatic Stress Disorder, Degenerative Disk Disease (lumbar and cervical spine), and eczema/psoriasis (20 CFR §404.1520 ( c) and 416.920 ( c)).

4. The claimant does not have an impairment or combination of impairments that meets of medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that claimant has the following residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that only occasionally climb , balance, stoop, kneel, crouch, or crawl. The claimant should never be asked to climb ropes, ladders, or stairs. He needs a sit/stand option where he can alternate positions every 30-60 minutes (approximately 5 minutes at a time remaining at his work station). The claimant can only occasionally perform fine fingering with his upper extremities. He should not work at unprotected heights or have concentrated exposure to temperature extremes or vibrations. The claimant is limited in simple unskilled work with occasional contact with the general public, co-workers and supervisors. He should not be involved in food

preparation.

6. Claimant is unable to perform any past relevant work (20 CFR §404.1565 and 416.965).

7. The claimant was born on June 5, 1971, and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR §404.1563 and 416.963).

8. The claimant has a limited education, was in special education classes, and is able to communicate in English (20 CFR §404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that claimant is "not disabled," whether or not claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform (20 CFR § 404.1569, 404.1569 (a), 416.969 and 416.969 (a)).

11. Claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2008, through the date of this decision (20 CFR §404.1520(g) and 416.920 (g)).

This Court cannot conclude that the findings of the ALJ are supported by the record as a whole. Unfortunately, the record is not clear on the issue of how much weight was given to a single decision maker Kayla Zeller. The parties acknowledge that it would be err to weigh the opinion of a lay person under the rules appropriate for a medical consultant. This ambiguity in the record is particularly significant as the vocational expert noted in her testimony that an additional limitation of occasional handling would have affected her conclusions. This matter must therefore be reversed and remanded, thereby allowing proper weight to be given to medical and lay opinions. Once that evaluation is completed, a proper hypothetical can be propounded.

4

Case 3:11-cv-05053-JCE   Document 11   Filed 07/09/12   Page 4 of 5

Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner be reversed, and that this matter be remanded pursuant to sentence four of 42 U.S.C. §405(g).

        /s/ James C. England
        JAMES C. ENGLAND
        United States Magistrate Judge

Date: July 9, 2012

5

Case 3:11-cv-05053-JCE   Document 11   Filed 07/09/12   Page 5 of 5